UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK LIU,<br><br>　　　Plaintiff<br><br>v.<br><br>LYON COUNTY SHERIFF'S DEPARTMENT and RYAN POWELL,<br><br>　　　Defendants | Case No.: 3:22-cv-00526-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the Lyon County Sheriff's Department and Lt. Ryan Powell as defendants. Plaintiff alleges that on November 8, 2022, Plaintiff was parked at the Wilson Canyon Rest Area in Lyon County when Lt. Powell approached his vehicle, and said he had seen Plaintiff at the rest stop the previous day. Plaintiff explained to Powell that he was homeless, was staying in his car, and was there for two nights. Lt. Powell demanded Plaintiff's identification even though it did not appear he suspected that Plaintiff had committed or was about to commit a crime.

Powell then asked Plaintiff questions such as: "1. What year is it? 2. Who is the president of the U.S.? 3. How many quarters make a dollar?" Plaintiff suspects Powell was trying to

determine if Plaintiff was of diminished capacity even though there was no basis for him to think this.

Lt. Powell then took Plaintiff's identification to his patrol car and when he returned, he gave Plaintiff his identification back and said Plaintiff had to go and ordered Plaintiff to leave the rest stop. Lt. Powell told Plaintiff it was BLM land, which Plaintiff later learned was not true. Plaintiff inquired about the land across the river, as he had noticed a restroom there. Lt. Powell told him that was also BLM land. Plaintiff inquired about BLM camping for 14 days, and Lt. Powell said Plaintiff was not camping, he was living in his car. Plaintiff claims Lt. Powell refused to let him go there. When Plaintiff left the rest stop it was snowing, and he claims he almost crashed. Plaintiff tried to report Lt. Powell's alleged violation of his rights to various sources with no success.

**C. Screening the Complaint**

**1. Fourth Amendment**

Plaintiff claims that he was stopped (although he was already parked) and asked for his identification despite the lack of any suspicion that he had committed or was about to commit a crime.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. The Fourth Amendment does not proscribe all seizures, "but only those that are unreasonable." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989).

Law enforcement generally needs probable cause to search or seize a person, but there is a limited exception for a brief investigatory stop "where a police officer observes unusual conduct which leads him to reasonably conclude in light of his experience that criminal activity

may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). The stop need only be justified by a reasonable suspicion. Reasonable suspicion is less stringent than probable cause, and requires that officers "have specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011) (citation and quotation marks omitted).

"The police may ask people who have *legitimately* been stopped for identification without conducting a Fourth Amendment search or seizure." *U.S. v. Diaz-Castaneda*, 494 F.3d 1146, 1152 (9th Cir. 2007) (citing *Hiibel v. Sixth Jud. Dist. Ct. of Nev, Humboldt Cty.*, 542 U.S. 177, 185 (2004)). Law enforcement may not require a person to furnish their identification, however, if they are not reasonably suspected of any criminal conduct. *Brown v. Texas*, 443 U.S. 47, 52-53 (1979); *see also United States v. Landeros*, 913 F.3d 862, 870 (9th Cir. 2019) (citing *Brown*) ("*Brown* holds that an officer may not lawfully order a person to identify herself absent particularized suspicion that she has engaged, is engaging, or is about to engage in criminal activity[.]").

Based on the allegations in the complaint, Lt. Powell detained Plaintiff and demanded his identification without either probable cause or reasonable suspicion to believe Plaintiff was involved in criminal activity. Therefore, the court finds Plaintiff states a colorable Fourth Amendment claim against Powell.

**2. Eighth Amendment**

Plaintiff's Eighth Amendment claim is premised on *Martin v. Boise*, 920 F.3d 584 (9th Cir. 2019). He appears to argue that because he is homeless, when Lt. Powell did not allow him

5

to stay at the rest stop or to go to the BLM land across the river, Lt. Powell violated his rights under the Eighth Amendment.

In *Martin*, the Ninth Circuit concluded that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to." *Martin*, 920 F.3d at 603. The Ninth Circuit found the Eighth Amendment's limits on what the government may criminalize was at play. *Id*. at 615. "[J]ust as the state may not criminalize the state of being homeless in public places, the state may not criminalize conduct that is an unavoidable consequence of being homeless — namely sitting, lying, or sleeping on the streets." *Id*. at 617 (citation and quotation marks omitted). The court held that "so long as there is a greater number of homeless individuals in [a jurisdiction] than the number of available beds [in shelters], the jurisdiction cannot prosecute homeless individuals for involuntarily sitting, lying, and sleeping in public." *Id*. (citation and quotation marks omitted). The court was careful to point out that its holding was a narrow one, and did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets … at any time and at any place." *Id*. (citation and quotation marks omitted).

Plaintiff does not allege that he was cited or prosecuted for living out of his car at the rest stop or for asking to go across the river to the BLM land. Nor does he provide any allegations about the availability of shelter in Lyon County. Therefore, it does not appear that *Martin* would extend to Plaintiff. In an abundance of caution, the court will give Plaintiff leave to amend to attempt to assert a colorable claim for relief.

### 3. Miscellaneous Claims

Plaintiff alleges discrimination based on diminished mental capacity; however, it is unclear what legal theory he is asserting with respect to this allegation. In any event, Plaintiff admits he is not someone with diminished capacity. Therefore, Lt. Powell could not have been discriminating against him on this basis. This claim will be dismissed, but Plaintiff will be given leave to amend to attempt to assert a colorable claim regarding this allegation.

Plaintiff mentions that when he left the rest stop it was snowing, and he almost crashed. However, it is not clear whether he intends to state any claim based on this allegation, and if so, what theory of liability he invokes. Any claim based on these facts is dismissed; however, Plaintiff is given leave to amend to attempt to state a colorable claim based on these facts.

### 4. Lyon County

Local governments may be sued under section 1983 for damages, declaratory relief and injunctive relief. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 91 F.3d 592, 602-03 (9th Cir. 2019) (citation omitted). "A municipality may not, however, be sued under a *respondeat superior* theory." *Id*. *Respondeat superior* is a legal doctrine which holds an employer responsible for the wrongful acts of its employees if the conduct occurred within the scope of employment. This doctrine does *not* apply to hold municipalities liable under section 1983. A plaintiff must therefore show "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation omitted, emphasis original).

Plaintiff does not include any allegations to support a claim for liability against Lyon County. Therefore, Lyon County will be dismissed, but with leave to amend to attempt to assert a colorable claim for relief.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) Plaintiff may **PROCEED** with his Fourth Amendment claim against Lt. Powell; however, his remaining claims as well as Lyon County are **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions and form civil rights complaint. Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as an amended complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action will proceed only with the Fourth Amendment claim against Lt. Powell.

(5) The Clerk of Court shall **ISSUE** a summons for Lt. Powell **and deliver the same** to the U.S. Marshal for service. The Clerk also shall also **SEND** a copy of the complaint (ECF No. 1-1) and this Order to the U.S. Marshal for service on Lt. Powell. The Clerk shall **SEND** to Plaintiff a USM-285 form. Plaintiff has **21 days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information for Lt. Powell at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the

USM-285 forms showing whether service has been accomplished, if Lt. Powell was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(6) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service of Lt. Powell must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(7) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: February 10, 2023

_____
Craig S. Denney
United States Magistrate Judge